UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK S. STRAIN,

       Plaintiff,

    v.

NEW ERA MINING CORP., a
Nevada corporation;
FLOYD L. OGLE, an
individual; JAMES F.
NOLAND, an individual;
and DOES 1 through 100,
inclusive,

       Defendants.

_____/

NO. CIV. S-09-3393 LKK/GGH

O R D E R

This case arises out of plaintiff Frederick S. Strain's ("Strain") loan to and purchase of stock from defendant New Era Mining Corporation ("New Era"). Plaintiff contends that he was fraudulently induced to enter the loan by New Era principals, defendants Floyd L. Ogle ("Ogle") and James F. Noland ("Noland"). Plaintiff also contends that he has been unable to obtain the principal and interest to which he is entitled under the loan agreement with New Era. Defendants move to dismiss all claims

1

1  brought against them. For the reasons described below, defendants'
2  motion to dismiss is granted in part.

3  **I. BACKGROUND**

4  Plaintiff alleges that in early 2008 defendants induced him
5  to purchase $1,000,000 of New Era stock. Complaint at ¶ 8. On or
6  about March 18, 2008, company stock was issued to plaintiff. <u>Id.</u>
7  On August 13, 2008, plaintiff alleges that defendants induced
8  him to loan New Era $1,000,000. <u>Id.</u> at ¶ 9. Plaintiff further
9  alleges that the loan was to be repaid by January 2009. <u>Id.</u> The
10 plaintiff and New Era entered into a promissory note (guaranteed
11 by Noland and Ogle) which stated the amount of the loan and the
12 interest rate, but did not mention how the loan should be
13 repaid. <u>Id.</u> at Exh. 2. The note indicates a "maturity" date of
14 January 13, 2008 but characterizes borrower's obligation on that
15 date to only pay interest. <u>Id.</u> Moreover, the note reflects
16 signature on August 13, 2008. <u>Id.</u>

17 Plaintiff alleges that defendants made numerous
18 misrepresentations. Plaintiff, however, has not alleged which
19 defendant(s) made each misrepresentation, and where and when
20 each misrepresentation was made. <u>Id.</u> at ¶ 11. Nonetheless,
21 plaintiff has alleged ten specific misrepresentations made by
22 defendants. These include the specific assets New Era owned, New
23 Era's ability to repay the loan, and information about the
24 management and goals of New Era. <u>Id.</u> Plaintiff alleges that
25 defendants knew that these statements were false and made them
26 with the intent to defraud plaintiff. <u>Id.</u> at ¶¶ 12-13. Plaintiff

2

1   also alleges that he justifiably relied upon these statements.

2       On or about January 13, 2009, plaintiff agreed to extend

3   the maturity date of the promissory note from January 13, 2009

4   to June 13, 2009. Id. at ¶ 16. Around this time, New Era paid

5   plaintiff $50,000 in interest. Id. at ¶ 17. New Era has not made

6   any other payments to plaintiff. Id. On July 13, 2009, plaintiff

7   demanded in writing that defendants repay him the principal and

8   interest due under the promissory note. Id. On October 23, 2009,

9   plaintiff filed a complaint against defendants in state court,

10  which defendants have subsequently removed to federal court.

11  Defendants move to dismiss the entire complaint.

12  **II. STANDARD FOR A FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS**

13      A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's

14  compliance with the pleading requirements provided by the

15  Federal Rules. In general, these requirements are established by

16  Fed. R. Civ. P. 8, although claims that "sound[] in" fraud or

17  mistake must meet the requirements provided by Fed. R. Civ. P.

18  9(b). Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir.

19  2003).

20      Under Federal Rule of Civil Procedure 8(a)(2), a pleading

21  must contain a "short and plain statement of the claim showing

22  that the pleader is entitled to relief." The complaint must give

23  defendant "fair notice of what the claim is and the grounds upon

24  which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

25  555 (2007) (internal quotation and modification omitted).

26      To meet this requirement, the complaint must be supported

1  by factual allegations. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950
2  (2009). "While legal conclusions can provide the framework of a
3  complaint," neither legal conclusions nor conclusory statements
4  are themselves sufficient, and such statements are not entitled
5  to a presumption of truth. <u>Id.</u> at 1949-50. <u>Iqbal</u> and <u>Twombly</u>
6  therefore prescribe a two step process for evaluation of motions
7  to dismiss. The court first identifies the non-conclusory
8  factual allegations, and the court then determines whether these
9  allegations, taken as true and construed in the light most
10 favorable to the plaintiff, "plausibly give rise to an
11 entitlement to relief." <u>Id.</u>; <u>Erickson v. Pardus</u>, 551 U.S. 89
12 (2007).[1]

13     "Plausibility," as it is used in <u>Twombly</u> and <u>Iqbal</u>, does
14 not refer to the likelihood that a pleader will succeed in
15 proving the allegations. Instead, it refers to whether the non-
16 conclusory factual allegations, when assumed to be true,
17 "allow[] the court to draw the reasonable inference that the
18 defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129
19 S.Ct. at 1949. "The plausibility standard is not akin to a
20 'probability requirement,' but it asks for more than a sheer
21 possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting

22 _____

23        [1] As discussed below, the court may consider certain limited
   evidence on a motion to dismiss. As an exception to the general
24 rule that non-conclusory factual allegations must be accepted as
   true on a motion to dismiss, the court need not accept allegations
25 as true when they are contradicted by this evidence. <u>See</u> <u>Mullis v.</u>
   <u>United States Bankr. Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987),
26 <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

4

1  Twombly, 550 U.S. at 557). A complaint may fail to show a right

2  to relief either by lacking a cognizable legal theory or by

3  lacking sufficient facts alleged under a cognizable legal

4  theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

5  (9th Cir. 1990).

6      The line between non-conclusory and conclusory allegations

7  is not always clear. Rule 8 "does not require 'detailed factual

8  allegations,' but it demands more than an unadorned, the-

9  defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at

10  1949 (quoting Twombly, 550 U.S. at 555). While Twombly was not

11  the first case that directed the district courts to disregard

12  "conclusory" allegations, the court turns to Iqbal and Twombly

13  for indications of the Supreme Court's current understanding of

14  the term. In Twombly, the Court found the naked allegation that

15  "defendants 'ha[d] entered into a contract, combination or

16  conspiracy to prevent competitive entry . . . and ha[d] agreed

17  not to compete with one another,'" absent any supporting

18  allegation of underlying details, to be a conclusory statement

19  of the elements of an anti-trust claim. Id. at 1950 (quoting

20  Twombly, 550 U.S. at 551). In contrast, the Twombly plaintiffs'

21  allegations of "parallel conduct" were not conclusory, because

22  plaintiffs had alleged specific acts argued to constitute

23  parallel conduct. Twombly, 550 U.S. at 550-51, 556.

24      Twombly also illustrated the second, "plausibility" step of

25  the analysis by providing an example of a complaint that failed

26  and a complaint that satisfied this step. The complaint at issue

1   in <u>Twombly</u> failed. While the <u>Twombly</u> plaintiffs' allegations

2   regarding parallel conduct were non-conclusory, they failed to

3   support a plausible claim. <u>Id.</u> at 566. Because parallel conduct

4   was said to be ordinarily expected to arise without a prohibited

5   agreement, an allegation of parallel conduct was insufficient to

6   support the inference that a prohibited agreement existed. <u>Id.</u>

7   Absent such an agreement, plaintiffs were not entitled to

8   relief. <u>Id.</u>[2]

9       In contrast, <u>Twombly</u> held that the model pleading for

10  negligence demonstrated the type of pleading that satisfies Rule

11  8. <u>Id.</u> at 565 n.10. This form provides "On June 1, 1936, in a

12  public highway called Boylston Street in Boston, Massachusetts,

13  defendant negligently drove a motor vehicle against plaintiff

14  who was then crossing said highway." Form 9, Complaint for

15  Negligence, Forms App., Fed. Rules Civ. Proc., 28 U.S.C. App., p

16  829. These allegations adequately "'state[] . . . circumstances,

17  occurrences, and events in support of the claim presented.'"

18  <u>Twombly</u>, 550 U.S. at 556 n.3 (quoting 5 C. Wright & A. Miller,

19  Federal Practice and Procedure § 1216, at 94, 95 (3d ed. 2004)).

20  The factual allegations that defendant drove at a certain time

21  and hit plaintiff render plausible the conclusion that defendant

22  drove negligently.

23  _____

24      [2] This judge must confess that it does not appear self-evident
    that parallel conduct is to be expected in all circumstances and
25  thus would seem to require evidence. Of course, the Supreme Court
    has spoken and thus this court's own uncertainty needs only be
26  noted, but cannot form the basis of a ruling.

### III. ANALYSIS

Defendants raise three arguments in their motion to dismiss. First, Defendants argue that the entire complaint sounds in fraud, yet fails to meet the pleading standard of Fed. R. Civ. P. 9(b). Second, defendants Noland and Ogle argue that all claims against them should be dismissed because of a provision in the promissory note that indicates that plaintiff must exhaust all remedies against New Era before bringing any claims against Noland and Ogle. Lastly, defendants argue that no contract was formed because the promissory note lacked consideration, or alternatively that plaintiff breached the contract.

### A.    Whether Fraud is Sufficiently Pled

Plaintiff brings a claim for fraud as to all defendants. The elements of a claim for intentional misrepresentation under California law are (1) misrepresentation (a false representation, concealment or nondisclosure), (2) knowledge of falsity, (3) intent to defraud (to induce reliance), (4) justifiable reliance, and (5) resulting damage. Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004). Claims for fraud are subject to a heightened pleading requirement under Fed. R. Civ. P. 9(b). This rule provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." These circumstances include the "time, place, and specific content of

7

1    the false representations as well as the identities of the

2    parties to the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d

3    756, 764 (9th Cir. 2007) (quoting <u>Edwards v. Marin Park, Inc.</u>,

4    356 F.3d 1058, 1066 (9th Cir. 2004)). "In the context of a fraud

5    suit involving multiple defendants, a plaintiff must, at a

6    minimum, 'identif[y] the role of [each] defendant[] in the

7    alleged fraudulent scheme.'" <u>Id.</u> at 765 (quoting <u>Moore v.</u>

8    <u>Kayport Package Express</u>, 885 F.2d 531, 541 (9th Cir. 1989)).

9         As an initial matter, the court must decide which of

10   plaintiff's claims sound in fraud. Plaintiff admits that his

11   claims for fraud and breach of fiduciary duty sound in fraud.

12   Opposition at 3:15-19. Defendants contend that all causes of

13   action sound in fraud. For the reasons stated below, only

14   certain of plaintiff's claims sound in fraud.

15        Specifically, the facts supporting plaintiff's unjust

16   enrichment claim are "DEFENDANTS' misrepresentations, fraud and

17   other wrongful conduct . . . ." Complaint at ¶ 28. To the extent

18   that this claim relies on defendants' allegedly fraudulent

19   conduct, the claim sounds in fraud. Similarly, plaintiff's claim

20   for a declaration of constructive trust is based upon "fraud,

21   breach of fiduciary duty, and other wrongful conduct . . . ."

22   Complaint at ¶ 77. Likewise, to the extent that this claim

23   relies on defendants' allegedly fraudulent conduct, it sounds in

24   fraud. Additionally, plaintiff's claim for entitlement to

25   account relies upon "fraud, breach of fiduciary duty, and other

26   wrongful conduct . . . ." Complaint at ¶ 81. This claim also

1  sounds in fraud to the extent that it is based upon defendants'

2  allegedly fraudulent conduct. The remainder of plaintiff's

3  claims do not depend upon allegations of fraud or

4  misrepresentations made by defendants.[3] Accordingly, the only

5  claims that must meet the heightened pleading standard of Fed.

6  R. Civ. P. 9(b) are (i) plaintiff's first claim for fraud, (ii)

7  plaintiff's second claim for unjust enrichment to the extent

8  that such a claim is based on fraudulent conduct, (iii)

9  plaintiff's ninth claim for breach of fiduciary duty and

10  constructive fraud to the extent that such a claim is based on

11  fraudulent conduct, (iv) plaintiff's eleventh claim for

12  constructive trust to the extent that such a claim is based on

13  fraudulent conduct, and (v) plaintiff's twelfth claim for

14  entitlement to account to the extent that such a claim is based

15  on fraudulent conduct.[4]

16       Each of these five claims relies upon ten specific

17  misrepresentations listed in paragraph eleven of plaintiff's

18  complaint. These allegations fail to meet the pleading standard

19  required under Fed. R. Civ. P. 9(b) in that they do not identify

20  the role of each defendant in the allegedly fraudulent conduct.

21  While plaintiff does allege the specific content of the false

22

23       [3] Plaintiff also brings a claim for an injunction. In federal court, injunctions are properly brought through motion to the

24  court, and not as counts in a complaint. See Fed. R. Civ. P. 65. For this reason, the claim for an injunction is also dismissed.

25       [4] The court notes that many of these claims do not necessarily sound in fraud, but rather sound in fraud as pled by plaintiff in

26  his complaint.

1   representations, he does not plead the time or place of each

2   identified representations nor does he identify the parties to

3   the misrepresentations. Rather, plaintiff merely alleges that

4   "DEFENDANTS specifically misrepresented" numerous specific bases

5   of New Era's profitability. Complaint at ¶ 11. Thus, plaintiff's

6   claims for fraud, unjust enrichment, breach of fiduciary duty

7   and constructive fraud, constructive trust, and entitlement to

8   account are dismissed. Plaintiff is granted leave to amend his

9   complaint as to these causes of action such that they conform

10  with the heightened pleading standard of Fed. R. Civ. P. 9(b)

11  and/or are not based upon fraudulent conduct.[5]

12       **B.   Whether Plaintiff May Bring Claims Against Defendants
              Noland and Ogle**

13

14       The promissory note attached to plaintiff's complaint

     states that "the Lender[, Frederick S. Strain,] is hereby
15
     obligated to fully exhaust all remedies against the Borrower[,
16
     New Era Mining Corp.,] in the event of any default of the
17
     Borrower's obligations under this Promissory Note prior to
18
     instituting any action for recovery against Messrs. Noland or
19
     Ogle." Defendants argue that this language bars plaintiff from
20
     bringing any claims against Noland or Ogle until after it has
21
     exhausted all remedies against New Era. Defendant's
22
     interpretation will not lie. Specifically, the exhaustion
23

24
_____
25       [5] It may be that plaintiff's dealing with defendants were all
     verbal, and he cannot in good faith further plead.  If that is the
26   case, he should so state and the court will have to determine the
     effect of such a pleading.

1 requirement only applies to claims arising out of the default of

2 New Era's obligations under the promissory note. Accordingly, to

3 the extent that plaintiff's claims are based upon fraudulent

4 inducement to enter the loan, they are not subject to

5 exhaustion. As described in the previous section, these claims

6 are fraud, unjust enrichment, breach of fiduciary duty,

7 constructive trust, and entitlement to accounting. While these

8 claims are dismissed as to all defendants, plaintiff may

9 nonetheless amend his complaint to bring such claims against

10 Ogle and Noland.

11       Plaintiff's remaining claims, however, concern enforcement

12 of the terms of the promissory note.[6] These claims are clearly

13 subject to the exhaustion requirement contained within the note.

14 Accordingly, all claims that do not sound in fraud are dismissed

15 as to Ogle and Noland.

16     **C.**    **Whether the Promissory Note is a Valid Contract**

17       Defendants also argue that the promissory note is not a

18 valid contract because it lacks consideration. In support of

19 this argument, defendant provides a copy of a check indicating

20 that Strain Orchards, LP sent a check to New Era in the amount

21 of $1,000,000.[7] As such, defendants argue, plaintiff Frederick

---

23     [6] The court notes that none of the remaining claims concern
the purchase of stock from New Era. The exhaustion requirement does
24 not apply to any contract or quasi-contract claims arising out of
the stock purchase, but rather is limited to those arising out of
25 the promissory note.

26     [7] The court does not decide whether the check may be
considered in a motion to dismiss because it denies defendants'

1  S. Strain lacked consideration to form the contract because he

2  did not send New Era funds on a check from an account bearing

3  his name. Alternatively, defendants argue that plaintiff

4  breached the contract by not sending the money to defendants on

5  a check bearing his name. Defendants, however, fail to provide

6  any support for their argument that a lender in a promissory

7  note may only satisfy its obligations by providing funds for the

8  loan in the form of a check bearing the lender's name. Thus,

9  defendants have not shown that plaintiff has failed to state a

10  claim on this ground.

11  **IV.  CONCLUSION**

12  For the reasons stated above, the court GRANTS IN PART

13  Defendants' motion to dismiss the Complaint, Doc. No. 7.

14  The court DISMISSES WITHOUT PREJUDICE the following claims:

15  1.   Plaintiff's First Claim for Fraud as to all

16  defendants.

17  2.   Plaintiff's Second Claim for Unjust Enrichment as to

18  all defendants.

19  3.   Plaintiff's Third Claim for Breach of Contract as to

20  defendants Ogle and Noland.

21  4.   Plaintiff's Fourth Claim for Common Count for Money

22  Lent as to defendants Ogle and Noland.

23  5.   Plaintiff's Fifth Claim for Common Count for Money Had

24  and Received as to defendants Ogle and Noland.

25  _____

26  motion on this ground.

12

6.  Plaintiff's Sixth Claim for Breach of Guaranty as to defendant Ogle.

7.  Plaintiff's Seventh Claim for Breach of Guaranty as to defendant Noland.

8.  Plaintiff's Ninth Claim for Breach of Fiduciary Duty and Constructive Fraud as to all defendants.

9.  Plaintiff's Tenth Claim for Conversion as to defendants Ogle and Noland.

10.  Plaintiff's Eleventh Claim for Constructive Trust as to all defendants.

11.  Plaintiff's Twelfth Claim for Entitlement to Account as to all defendants.

12.  Plaintiff's Thirteenth Claim for Injunction as to all defendants.

The court DENIES defendants' motions to dismiss, Doc. No. 7 as to the following claims:

1.  Plaintiff's Third Claim for Breach of Contract as to defendant New Era.

2.  Plaintiff's Fourth Claim for Common Count for Money Lent as to defendant New Era.

3.  Plaintiff's Fifth Claim for Common Count for Money Had and Received as to defendant New Era.

4.  Plaintiff's Eighth Claim for Guaranty as to defendant New Era.

5.  Plaintiff's Tenth Claim for Conversion as to defendant New Era.

1    Plaintiff is granted twenty one (21) days from the issuance

2 of this order to file an amended complaint.

3    IT IS SO ORDERED.

4    DATED:  January 27, 2010.

5

6

7                                    _____
                                     LAWRENCE K. KARLTON
8                                    SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                     14